NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DANA NICOLE YRASTORZA, *Appellant.*

No. 1 CA-CR 17-0059
FILED 6-13-2019

Appeal from the Superior Court in Maricopa County
No.  CR 2012-009381-002
The Honorable Teresa A. Sanders, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Terry M. Crist
*Counsel for Appellee*

Bain & Lauritano, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1         Dana Yrastorza appeals her convictions and sentences for multiple offenses stemming from a series of burglaries, arguing law enforcement's warrantless search of her historical cell-site location information ("CSLI") violated her Fourth Amendment rights. She failed to raise this argument in the trial court, however, and has failed to demonstrate reversible error on appeal.

**BACKGROUND[1]**

¶2         As part of an investigation into a string of burglaries, Scottsdale police reviewed security footage and conducted surveillance and wiretaps. Through these investigatory measures, officers identified Gary Eisenmann as the serial burglar and Yrastorza as his accomplice.

¶3         After receiving a tip that Eisenmann planned to commit another burglary, officers obtained search warrants authorizing them to search Eisenmann's truck, warehouse, and home. When officers conducted a traffic stop and executed the search warrant on Eisenmann's truck, they found the passenger, Yrastorza, in possession of several pieces of jewelry, later identified as fruits of the burglaries. Police then executed the search warrants on Eisenmann's house and warehouse. At the warehouse, the officers located items purchased by Yrastorza with stolen credit cards belonging to the victims of the burglaries.

¶4         The State charged Yrastorza with multiple felonies all stemming from her participation in the series of burglaries. Yrastorza and Eisenmann were tried together.

¶5         At trial, in addition to presenting other investigative evidence, the State presented historical CSLI data obtained through the defendants' cellphone service providers. The CSLI data revealed that

---

[1]         We view the facts in the light most favorable to sustaining the jury's verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

Yrastorza was within a few miles of at least seven of the homes burglarized by Eisenmann. Neither Eisenmann nor Yrastorza moved to suppress the CSLI information in the trial court.[2] Following a 31-day trial, a jury found Yrastorza guilty on all counts.

## DISCUSSION

**¶6**      Yrastorza asserts that the CSLI data used to "tie [her] to the burglaries" should have been suppressed because it was obtained without a warrant, in violation of the Fourth Amendment. *Carpenter v. United States*, 138 S. Ct. 2206, 2218 (2018). Yrastorza contends that admission of the CSLI data constituted fundamental reversible error.

**¶7**      Yrastorza argues that the trial court erred by failing to suppress evidence obtained through a warrantless search. To support this claim, Yrastorza asserts that "[w]ithout this cell phone information the State may not have been able to tie [her] to the crimes." In general, we review the admissibility of evidence for an abuse of discretion. *See State v. Ellison*, 213 Ariz. 116, 129, ¶ 42 (2006). Because Yrastorza did not move to suppress the CSLI data, however, we review this claim for fundamental error only. *See State v. Escalante*, 245 Ariz. 135, 135, ¶ 1 (2018).

**¶8**      To prevail on a claim of fundamental error, a defendant must first establish that trial error exists. *Id.* at 142, ¶ 21. Once trial error has been established, we must determine whether the error is fundamental, considering the totality of the circumstances. *Id.* "A defendant establishes fundamental error by showing that (1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, *or* (3) the error was so egregious that he could not possibly have received a fair trial." *Id.* If the defendant establishes fundamental error under the first or second prong, he must make a separate showing of prejudice, which also "involves a fact-intensive inquiry." *Id.* (citation omitted). If the third prong is established, the defendant "has shown both fundamental error and prejudice, and a new trial must be granted." *Id.* Under this standard, "[t]he defendant bears the burden of persuasion at each step" in this process. *Id.*

---

[2]    Although Eisenmann moved to suppress a police wiretap of his cellphone and evidence gathered from the placement of a GPS tracker on his vehicle, the motion did not encompass CSLI data. Yrastorza joined the motion to suppress, though her cellphone was not subject to a wiretap.

¶9        Here, there is no trial error. The good-faith exception to the exclusionary rule applies to the State's routine procurement of third-party call records because the incident occurred in 2012—well before the U.S. Supreme Court's 2018 decision in *Carpenter*. *See State v. Jean*, 243 Ariz. 331, 342-43, ¶¶ 40, 47 (2018) (searches via global positioning satellite tracking device that were conducted in reasonable reliance on appellate precedent not subject to exclusionary rule). Before *Carpenter* was decided, nearly all federal circuit courts of appeal and the "vast majority of federal district judges" had ruled that cell phone users had no expectation of privacy in CSLI and, thus, warrants were not needed to obtain CSLI data from cellular carriers. *See United States v. Graham*, 824 F.3d 421, 428 (4th Cir. 2016) (en banc) (collecting cases). Because the *Carpenter* decision had not been issued at the time of Yrastorza's arrest, the good-faith exception applies, giving the State a second vehicle to introduce the evidence at trial. *See Jean*, 243 Ariz. at 342-43, ¶¶ 40-47 (finding the good-faith exception applied based on *United States v. Knotts*, 460 U.S. 276 (1983), and the prior expectation of privacy framework under the Fourth Amendment); *State v. Weakland*, 246 Ariz. 67, 73, ¶ 20 (2019) (applying the good-faith exception because it "is unreasonable to require the police to predict a shift in the law when our trial and appellate courts failed to do so"). Because no trial error exists, Yrastorza has not shown fundamental error.

## CONCLUSION

¶10        For the foregoing reasons, we affirm.

